JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Valerie Mason, appeals the judgment of the Cuyahoga County Court of Common Pleas granting the motion to dismiss of defendant-appellee, GFS Leasing and Management, a/k/a Altercare of Forest Hills. For the reasons that follow, we affirm.
In August 1998, appellant was discharged from her employment with Forest Hills Nursing Home, also known as Altercare of Forest Hills. In February 1999, after a hearing, the Ohio Unemployment Compensation Review Commission issued a decision finding that appellant was discharged from her employment for just cause and disallowing her application for benefits.
On March 18, 1999, in Case No. 380387, appellant filed a pro se
administrative appeal from the decision of the Unemployment Compensation Review Commission in the Cuyahoga County Court of Common Pleas. On October 4, 1999, the trial court issued an order affirming the decision of the Unemployment Review Commission and dismissing appellant's case. On November 2, 1999, appellant filed a notice of appeal regarding the trial court's decision. Appellant's appeal was dismissed by this court on September 18, 2000, due to her failure to file a brief conforming with the appellate rules. Mason v. Forest Hills Nursing Homes (Sept. 18, 2000), Cuyahoga App. No. 77204, unreported.
On August 17, 1999, while her administrative appeal was pending, appellant filed a pro se complaint against appellee. In her complaint, appellant set forth claims for wrongful termination, defamation and failure to provide a safe working environment. The case was assigned Case No. 389759 and assigned to another Common Pleas Court judge.
On May 5, 2000, appellee filed a motion to dismiss, asserting that appellant's complaint was barred by the doctrine of res judicata because the final judgment in Case No. 380387 precluded appellant from asserting any other claims arising out of her termination against her employer.
On May 17, 2000, the trial court entered an order dismissing appellant's case, stating:
 Defendant's motion to dismiss (filed 5-5-00) is granted. The court hereby finds that pursuant to the doctrine of res judicata plaintiff's complaint herein must be dismissed. Plaintiff may continue to pursue her claims in the first-filed lawsuit 380387, through the appeal.
Appellant did not appeal the trial court's decision. Instead, on June 8, 2000, appellant filed another pro se complaint against appellee, again asserting claims for defamation and failure to provide a safe working environment, and including a claim for infliction of emotional distress. The case was assigned Case No. 409342 and assigned to a third Common Pleas Court judge. On February 1, 2001, appellee filed a motion to dismiss, asserting that appellant's claims were barred by the doctrine ofres judicata. On March 30, 2001, the trial court entered an order granting appellee's motion to dismiss, stating, "Plaintiff's complaint is barred by res judicata." This appeal followed.
The doctrine of res judicata encompasses two related concepts: claim preclusion (traditionally referred to as res judicata) and issue preclusion (traditionally referred to as collateral estoppel). Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381. The Supreme Court of Ohio has adopted an expansive definition of claim preclusion: "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[1] Id. at syllabus. Stated differently, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. Holzemer v. Urbanski (1999),86 Ohio St.3d 129, 133 quoting Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69; Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62; Grava, supra at 382.
Appellee contends that all three of appellant's lawsuits involve a challenge to her termination from employment and, therefore, all claims which she could have asserted regarding her discharge should have been brought in her first suit. Accordingly, appellee asserts, the claims asserted in this suit are barred by the doctrine of res judicata.
We agree that appellant's claims in this suit, which like the claims in her second suit arise out of her termination from employment by appellee, are barred by res judicata. We note, however, that appellant's first suit was limited to an administrative appeal of the denial of her application for unemployment benefits. Appellant made no other claims in that suit against her employer. Indeed, the trial court entry dismissing Case No. 380387 clearly demonstrates that the only claim decided in that case was whether the decision of the Unemployment Review Commission regarding appellant's eligibility for benefits was correct. The trial court order dismissing appellant's case stated:
 This court finds that the decision of the Unemployment Compensation Review Commission was not unlawful, unreasonable or against the manifest weight of the evidence and is hereby affirmed.
Thus, the order makes clear that the trial court judgment in Case No. 380387 was not dispositive of any claims or issues other than the propriety of the decision of the Unemployment Compensation Review Commission.
Contrary to appellee's assertion, appellant was not required to assert all potential claims against her employer stemming from her termination in her administrative appeal. An appeal from the decision of the Unemployment Review Commission to the court of common pleas is a special statutory procedure set forth in R.C. 4141.28(N). The Supreme Court of Ohio has stated that the common pleas court is not authorized to receive evidence in an administrative appeal brought pursuant to this section and "the appeal shall be heard upon such record certified by the Board."Hall v. American Brake Shoe Co. (1968), 13 Ohio St.2d 11. Moreover, the role of the common pleas court in an administrative appeal is strictly "limited to determining whether the board's decision is supported by evidence in the record." Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159, 161. Significantly, R.C. 4141.28(N) makes no provision for the trial court to determine any claims in an administrative appeal other than the claimant's appeal of the decision of the commission.
Accordingly, contrary to appellee's argument, appellant's complaint in Case No. 389759, in which she alleged wrongful termination, defamation and failure to provide a safe working environment, was not barred by the doctrine of res judicata. The trial court's judgment in Case No. 380387 affirming the decision of the Unemployment Review Commission in appellant's administrative appeal did not preclude appellant's assertion of other claims against her employer in a separate lawsuit. Accordingly, the trial court erred in granting appellee's motion to dismiss on the basis of res judicata in Case No. 389759.[2]
Appellant did not appeal the trial court's erroneous judgment, however. Accordingly, pursuant to the doctrine of res judicata, the final judgment in Case No. 389759 bars the assertion of appellant's claims in the instant case, Case No. 409342. The claims set forth in this case either were or could have been asserted in Case No. 389759 and, therefore, the claims are barred. The trial court's judgment is therefore affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.
[1] Although not pertinent to this appeal, the doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually or directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the parties or their privies, whether the cause of action in the two actions be identical or different. Fort Frye Teachers Assoc. v. State EmploymentRelations Bd. (1998), 81 Ohio St.3d 392, 395.
[2] The trial court order erroneously stated that appellant could pursue her claims in Case No. 380387 even though that case had already been dismissed by the time the trial court entered its order in Case No. 389759.